UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANCIS ROMEO,

       Plaintiff,                              Case No. 2:24-cv-12589

v.                                            Honorable Susan K. DeClercq
                                               United States District Judge
ANNE LAMMERS et al.,

       Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF No. 2) AND SUMMARILY DISMISSING COMPLAINT (ECF No. 1) FOR LACK OF SUBJECT-MATTER JURISDICTION

       Francis Romeo, proceeding *pro se*, sued attorneys for the City of Romulus and its FOIA clerk, alleging that they denied or ignored his requests under Michigan's Freedom of Information Act ("FOIA") for records related to a property he owned. Romeo says that Defendants' actions violated both the Michigan FOIA and the United States Constitution. Romeo also applied to proceed *in forma pauperis*. ECF No. 2. Because his application supports his allegations of poverty, it will be granted. However, as explained below, Romeo's claims must be dismissed for lack of subject-matter jurisdiction.

## I. BACKGROUND

Around 2020, Romeo had an ongoing civil suit in Wayne County Circuit Court against the city of Romulus, Michigan, apparently relating to a property he owned. ECF No. 1 at PageID.4, 13. In connection with that suit, he "repeatedly requested FOIA information" from the City about himself and his property. *Id.* at PageID.4. But according to Romeo, the City's lawyers "ignored all of [his] FOIA Requests" and directed the City's FOIA coordinator not to respond to his requests either. *Id.* Romeo says that this wrongdoing prevented him from proving his case, and as a result, his home was demolished, he was billed $16,000 for the demolition, and he became homeless. *Id.* at PageID.6.

Romeo therefore sued the City's lawyers and its FOIA coordinator, alleging that they violated the "the FOIA Act" and the First, Fifth, Sixth, Eleventh, and Fourteenth Amendments to the U.S. Constitution. *Id.* at PageID.7–10.

## II. STANDARD OF REVIEW

Because Romeo proceeds *in forma pauperis*, his claims must be reviewed under the standards set forth in 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) (recognizing that courts "must still screen" non-prisoner complaints under § 1915(e)(2)). Under these standards, courts must dismiss any claim that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief

may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, whether plaintiffs proceed *in forma pauperis* or not, courts must dismiss any action over which they lack subject-matter jurisdiction. FED. R. CIV. P. 12(h)(3).

Romeo also proceeds *pro se*, and so his pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Even so, Romeo is not immune from compliance with the Federal Civil Rules. His complaint must still set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), one that would "give the defendant fair notice" of what the claim is and the grounds on which it rests, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Further, his complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (holding that the Civil Rule 12(b)(6) standard also applies to dismissals under § 1915(e)(2)(B)(ii)).

### III. DISCUSSION

Here, Romeo's claims must be dismissed because this Court lacks subject-matter jurisdiction over them. FED. R. CIV. P. 12(h)(3).

Subject-matter jurisdiction describes a court's power to hear a case. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). Without subject-matter jurisdiction, a court is powerless to act. Further, the subject-matter jurisdiction of federal courts—like this Court—is limited. Unlike state trial courts, federal courts may decide only those cases "that the Constitution and Congress have empowered them to resolve." *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008).

Specifically, federal courts have jurisdiction to hear claims that arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This is known as federal-question jurisdiction. Federal courts also have jurisdiction to hear cases between citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). This is known as diversity jurisdiction. If there is no federal-question jurisdiction or diversity jurisdiction, this Court may not hear the case and must dismiss it. FED. R. CIV. P. 12(h)(3).

Here, there is neither federal-question jurisdiction nor diversity jurisdiction over Romeo's claims.

First, consider federal-question jurisdiction. Romeo sues for violations of "the FOIA Act." ECF No. 1 at PageID.9. He does not specify whether he means the federal FOIA, 5 U.S.C. § 552 *et seq.*, or the Michigan FOIA, MICH. COMP. LAWS § 15.231 *et seq.* However, Romeo likely means the Michigan FOIA because he sought records from a local governmental body—the City of Romulus—which is a "public

body" covered by that Act. *See* MICH. COMP. LAWS § 15.232(h)(iii). By contrast, the federal FOIA, which applies mostly to federal administrative agencies, does not cover state and local governmental bodies. *See* 5 U.S.C. § 551(1); *Bright v. Bartlett*, No. 4:19-cv-33, 2019 WL 5295190, at *2 (E.D. Tenn. Oct. 18, 2019) (collecting cases). In effect, this means that there is no federal law at issue here, just state law.

Romeo also alleges that Defendants, by denying or ignoring his record requests, violated his First, Fifth, Sixth, Eleventh, and Fourteenth Amendment rights under the U.S. Constitution. ECF No. 1 at PageID.7. The Supreme Court, however, "has repeatedly made clear that there is no constitutional right to obtain all the information provided by FOIA laws." *McBurney v. Young*, 569 U.S. 221, 232 (2013); *see also Williams v. Drug Enf't Admin.*, No. 1:22-CV-00696, 2024 WL 5156917, at *10 (S.D. Ohio Dec. 18, 2024); *Houser v. Church*, 271 F. Supp. 3d 197, 204 (D.D.C. 2017) ("[T]he FOIA does not offer a remedy for alleged violations of constitutional rights arising from the handling of a FOIA request.") (citation omitted).

Michigan courts have echoed the same, albeit in the context of incarcerated plaintiffs (who are excluded altogether from the Michigan FOIA). *Proctor v. White Lake Twp. Police Dep't*, 639 N.W.2d 332, 338 (Mich. Ct. App. 2001) ("[P]laintiff's exclusion from seeking public documents under the [Michigan] FOIA does not otherwise implicate plaintiff's constitutional rights. We emphasize that the FOIA provisions themselves are not of constitutional moment. They themselves do not

invest plaintiff with a constitutional right to investigate government information."). For this reason, Romeo's constitutional claims do not establish federal-question jurisdiction either.

As for diversity jurisdiction, it also does not exist because Romeo and Defendants are all alleged to be Michigan citizens. ECF No. 1 at PageID.3.

As a result, this Court lacks subject-matter jurisdiction over Romeo's claims, and his case must therefore be dismissed. FED. R. CIV. P. 12(h)(3).

### IV. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis*, ECF No. 2, is **GRANTED**. Further, Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. Further, Plaintiff is **DENIED** permission to proceed *in forma pauperis* on appeal because an appeal cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**This is a final order and closes the above-captioned case**.

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: February 13, 2025